UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles Grissom, et al.,                        Case No. 3:12-cv-02504

         Plaintiffs

     v.                                          MEMORANDUM OPINION
                                                       AND ORDER

City of Sandusky, et al.,

         Defendants

## BACKGROUND

On September 20, 2012, Plaintiffs Charles and Joann Grissom initiated this action in Erie County Common Pleas Court against the City of Sandusky, Erie County, the Erie County Sheriff's Department and an unnamed John Doe seeking compensatory and punitive damages for alleged constitutional violations as well as violations under various state and federal laws. The claims arise out of an altercation which occurred in September 2011, resulting in Charles Grissom's arrest.

On October 5, 2012, the Erie County Defendants removed the case to federal court. Following removal, the City of Sandusky filed a motion to dismiss for failure to state a claim. Due to circumstances beyond their control, Plaintiffs found themselves without counsel and were given time to retain new counsel or proceed *pro se*. In December 2012, Plaintiffs indicated their desire to represent themselves. They appeared *pro se* at the Case Management Conference in late January 2013.

On April 1, 2013, Plaintiffs filed a response to the City's pending motion to dismiss through new counsel. The Eric County Defendants then moved for judgment on the pleadings. Plaintiffs unsuccessfully moved to vacate deadlines to amend the complaint and in my order, I granted them until June 17, 2013, to file their motion for leave to amend. By the appointed deadline, Plaintiffs moved for leave to amend their complaint.

Pending before me is Plaintiffs' motion for leave to file an amended complaint and Defendants' oppositions thereto. Also pending are the Defendants' motions for dismissal on the original complaint. As the briefing on these motions is complete, the issues are ready for adjudication.

## APPLICABLE LEGAL STANDARDS

### A. Amending the Complaint

Under Fed. R. Civ. P. 15(a), the trial court is vested with discretion in granting or denying an amendment. *See Foman v. Davis*, 371 U.S. 178 , 182 (1962). A trial court may consider a number of factors in making this determination. Those factors include undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice, futility of the amendment, or the repeated failure to cure deficiencies by amendments previously allowed. *Id. See also Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

"Delay by itself is not sufficient reason to deny a motion to amend." *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 591 (6th Cir. 1990) (citations omitted). Where a party seeks leave to amend under Rule 15(a), "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995) (citations omitted); *see also Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 459 (6th Cir. 2013).

### B. Dismissals Under Fed. R. Civ. P. 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, the Court is cognizant that Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93 (*citing Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### C. Dismissal Under Fed. R. Civ. P. 12(c)

The same pleading requirements apply to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and a motion for judgment under the pleadings pursuant to rule 12(c). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). On a motion for judgment on the pleadings, all well-pleaded allegations of the non-moving party must be taken as true. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). The pleadings must demonstrate sufficient factual matter, if taken as true, which state a claim "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 470 (2007). "A plaintiff falls short if [they] plead[] facts 'merely consistent with a defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct. . . .'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir.) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678) *cert denied*, 131 S.Ct. 1047 (2011).

### DISCUSSION

Plaintiffs seek leave to amend the complaint "as required by justice" and propose a more specific, professional version of the previously submitted complaint. Plaintiffs also submit no harm or prejudice to the Defendants as the essential claims remain the same and the amendment is not offered for purposes of delay.

Defendant City of Sandusky opposes amendment of the complaint contesting the need to file a more "professional" complaint after missing the Court's initial deadline to amend as a matter of right and adding new defendants, of which Plaintiffs were aware of as early as March 1, 2013. Defendants also challenge the similarity of the proposed complaint as it includes a prayer for injunctive relief, more expansive than the the original complaint. According to the City, the failure to amend the complaint earlier demonstrates Plaintiffs' bad faith by not amending their complaint before the April 1, 2013 deadline to include the newly named individual officers. On this basis, the City requests denial of the motion for leave to amend.

Defendant Erie County charges the proposed amendment fails to cure the deficiencies of the original complaint insofar as the claims asserted against it. As the claims contained in the proposed amended complaint are futile regarding the claims under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the motion for leave should be denied.

The guidance provided by the Sixth Circuit on this issue is instructive:

> "[t]he trust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleadings." *Trefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). "Abuse of discretion occurs when a district court fails to state the basis and the likelihood of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). "[O]ut right refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 277, 9 L.Ed.2d 222 (1962).

*Jet, Inc. v. Sewage Aeration Systems*, 165 F.3d 419, 425 (6th Cir. 1999). The Sixth Circuit's reasoning supports the "liberal, pro-amendment ethos [which] dominates the intent and judicial construction of Rule 15(a)(2)." 3 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 15.14[1] (3d ed. 2013).

The amendment of the complaint which identifies the John Doe Defendants supports the policy behind a liberal approach to Rule 15(a). While Plaintiffs may have had this information in their possession at the beginning of March, they were *pro se* until April 1, 2013, when their counsel filed a response to Defendant's dispositive motion. (Doc. No. 27). While the parties can dispute the professionalism of the original complaint, the proposed complaint is certainly more expansive and offers more clarity than the original.

Inasmuch as the proposed amended complaint is narrowed to claims arising under the Fourth and Fourteenth Amendment and is more substantive than the original complaint, the arguments set forth in the City's motion under Rule 12(b)(6), are moot. Therefore, the City's motion to dismiss is denied.

In keeping with the underlying premise of allowing amendments in order to facilitate a decision on the merits, I find the motion for leave to amend the claims against the City of Sandusky to be well taken and the same is granted.

Turning to the proposed claims against the Erie County Sheriff's Department, I find the situation to be vastly different as there are serious deficiencies in the proposed pleading.

Where an amendment is incapable of withstanding a Rule 12(b)(6) challenge, the proposed amendment is futile. *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010), *citing Rose v. Martford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

While the allegations include Erie County among the Defendants, no individual county officer or official is identified or named in the proposed amended complaint. Nor are there any facts alleged which implicate an individual employed by "County of Erie" regarding the excessive force claims in ¶¶ 13- 19. The allegations against the County Defendant are lumped together with those against the city as follows:

> 20. The use of force against Plaintiff Charles Grissom was the result of the policy, practice and custom of the City of Sandusky and County of Erie to inadequately supervise and discipline law enforcement officers who use excessive force and work with individuals who suffer mental illnesses / defects. That the County and City knew or should have known of the problems with mental illness in the criminal justice system. [See e.g., Solutions for the Mentally Ill in the Criminal Justice System Justice Evelyn Lundberg Stratton, Supreme Court of Ohio, November 2001—reprinted herein]
>
> 21. That Sandusky Police Officers, The County Deputy Sheriffs and Corrections Officer are not trained to detect mental illness, they are trained to detect persons under the influence of drugs and alcohol.
>
> 22. The policy, practice and custom of the City of Sandusky and County of Erie with respect to allegations of excessive force by citizens, is to conduct a minimal investigation designed to exonerate the officer involved rather than discover the true facts of the incident.
>
> 23. The policy, practice and custom of the City of Sandusky and County of Erie with respect to the interactions with individuals with suspected or confirmed mental illnesses or defects is that they are not trained to handle these individuals according to their needs.
>
> 24. The above policies and practices have resulted in a culture of violence and mistreatment of individuals suffering from a mental disease and/or defect, in which the use of excessive

> force is an accepted and customary part of police work in the City of Sandusky and County of Erie.
>
> 25. That the majority, if not all, of the officers cannot differentiate mental behavior from bad behavior.

(Doc. No. 36-1 at p. 3).

Absent a valid claim against an individual employed by or an official of Erie County, there is no valid claim asserted against the County. *See Scott v. Clay County, Tenn.*, 205 F.3d 867, 879-80 (6th Cir. 2000), *citing City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (*per curiam*) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."). (Emphasis in original).

In addition, counties cannot be held liable for injuries inflicted by their employees unless there is a direct causal link between the policy or custom and the alleged constitutional violation. *See e.g, Board of Cnty. Comm'rs v. Brown*, 520 U.S. 297, 404 (1997); *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 684 (1978). In other words, the doctrine of *respondeat superior* has no application in § 1983 lawsuits. *Id.*

In reviewing the proposed amended complaint, I find it fails to contain allegations necessary to survive a Rule 12(b)(6) challenge. No individual on behalf of the Defendant County is identified as a participant to the event in question. While a policy on behalf of the County has been identified, there is the lack of a causal connection to allege the policy was the "moving force" behind the incident involving the City's arrest of Mr. Grissom. These gaps, under the teachings of *Iqbal* and *Twombly*, are insufficient to sustain a challenge as a matter of law and the proposed amended complaint is futile.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for leave to amend the complaint (Doc. No. 36) is granted in part and denied in part.  Defendant City of Sandusky's motion to dismiss (Doc. No. 6) is denied.  Defendant Erie County's motion for judgment on the pleadings (Doc. No. 29) is granted.

Plaintiffs are instructed to reformat their proposed amended complaint to identify the individual defendant officers in the caption and to eliminate the claims against the Erie County. Plaintiffs shall file their revised amended complaint within seven (7) days from the date of this Order.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge